# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

**RICARDO TERRELL, #70035**                                                              **PLAINTIFF**

**VERSUS**                                        **CIVIL ACTION NO. 3:11-cv-714 HTW-LRA**

**COPIAH COUNTY, et al.**
                                                                                        **DEFENDANTS**

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Terrell is an inmate of the Mississippi Department of Corrections (MDOC), who filed this *pro se* Complaint on November 21, 2011, pursuant to Title 42 U.S.C. § 1983.[1] The named Defendants are: Copiah County, Mississippi; and Steve Amos, Chancery Clerk for Copiah County. On January 25, 2012, the Court ordered [ECF No. 8] the Plaintiff to file a written response containing specific information regarding his claims. Plaintiff filed his Response [ECF No. 9] on February 14, 2012. Thereafter, an Order [ECF No. 10] was entered granting Plaintiff's request to voluntarily dismiss Copiah County Circuit Clerk Edna Stevens as a Defendant in this case. Upon liberal review of the Complaint, Response, and entire record, the Court has reached the following conclusions.

Plaintiff claims that he was illegally convicted in Copiah County Circuit Court by perjured testimony of a detention officer. Compl. [ECF No.1] at 8. Plaintiff appears to be seeking (or sought and was denied) a subpoena for the detention officer's employment records for the time period of November 5, 2004, to November 16, 2004.

---

[1] Plaintiff's request to proceed *in forma pauperis* was granted on January 25, 2012.

*Id.* Plaintiff alleges that these records are needed to show "specifically where this officer was in fact working and the hours he was working at what exact location." *Id.* Plaintiff further claims in a conclusory statement that he can prove a "conspiracy" and "criminal negligence on the part of all of the Defendants." *Id.* at 9. As relief, Plaintiff states that he is seeking an "injunction" against Copiah County allowing him to receive a certified copy of the detention officer's employment records for the time period of November 5, 2004, to November 16, 2004. *Id.* at 4.

The Court's Order [ECF No. 8] of January 25, 2012, directed the Plaintiff to file a written response to specifically state how each named Defendant violated his constitutional rights. In addition, the Order directed the Plaintiff to specifically state the date the alleged incidents occurred. In Plaintiff's Response [ECF No. 9] he voluntarily dismissed Defendant Stevens and his sole statement regarding Defendant Amos is that as the Chancery Court Clerk he is the proper person to accept service of process for Copiah County. As for the County itself, Plaintiff only states that Copiah County "as a whole and/or entity is fully and legally responsible for all of it's officers, employees including law enforcement officers and representatives." *Resp.* [ECF No. 9] at 1. Plaintiff further responded that the "dates of the alleged incidents are 11-5-2004 thru 11-16-2004" and referred the Court to page 8 of his original Complaint. *Id.*

## ANALYSIS

The Prison Litigation Reform Act, Title 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief." An action is deemed frivolous under § 1915, if it "lacks an arguable basis either in law or in fact." *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)(quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)). Since Plaintiff was granted *in forma pauperis* status, §1915(e)(2) applies to this case.

In a suit filed under § 1915, the district court is "authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). A district court may also consider, *sua sponte*, "affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. *See id.; see also Gartrell*, 981 F.2d at 256; *Lopez-Vences v. Payne*, 74 Fed. App'x. 398 (5th Cir. 2003). Specifically, a district court "may raise the defense of limitations *sua sponte* . . . and dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations." *Stanley v. Foster*, 464 F.3d 565, 568 (5th Cir. 2006)(citing *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999)).

This Court must borrow the three-year general personal injury limitations period for Mississippi and apply it to the allegations in this matter. *See Owens v. Okure*, 488 U.S. 235, 249-50 (1989) (holding that a federal court must borrow the forum state's general personal injury limitations period for civil rights actions brought pursuant to 42 U.S.C. § 1983); *James v. Sadler*, 909 F.2d 834, 836 (5th Cir. 1990) (finding Mississippi's three-year general personal injury limitations period applicable to § 1983 cases); *see also* MISS. CODE ANN. § 15-1-49 (1972), as amended. While Mississippi law governs the applicable limitations period, "the accrual date of a § 1983 cause of

3

action is a question of federal law that is not resolved by reference to state law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). As such, an action accrues when a plaintiff has "a complete and present cause of action." *Id.* As noted by the Fifth Circuit:

> Under federal law, the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured. A plaintiff's awareness encompasses two elements: (1) the existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions. A plaintiff need not know that she has a legal cause of action; she need know only the facts that would ultimately support a claim.

*Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal quotations and citations omitted). Finally, the federal court should also give effect to the forum state's applicable tolling provisions. *See Walker v. Epps,* 550 F.3d 407, 415 (5th Cir. 2008); *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992). Mississippi does not afford a tolling provision for incarceration.

As stated above, Plaintiff clearly states that the alleged incidents occurred from November 5, 2004, to November 16, 2004. *See* Resp. [ECF No. 9]. It is unclear to the Court if the alleged incidents associated with these dates are the criminal trial and conviction of the Plaintiff without use of the employment records or the denial of a subpoena for the employment records, but in either situation, Plaintiff was aware of his alleged injury and the connection between the injury and Defendants' alleged conduct, no later than November 16, 2004. *See Piotrowski*, 237 F.3d at 576. Giving Plaintiff the benefit of this later date, the limitations period began to run on November 16, 2004. Plaintiff's claims accrued more than three years prior to filing the present action on November 21, 2011, and are therefore time-barred and properly dismissed as legally

4

frivolous. *See Gartrell*, 981 F.2d at 256 (finding claims barred by the applicable statute of limitations are properly dismissed as legally frivolous under § 1915); *see also Ramon v. Rodriguez-Mendoza*, No. 09-50607, 2010 WL 1287062, *1 (5th Cir. Apr. 1, 2010)(affirmed district court's dismissal of prisoner § 1983 case as frivolous because it was barred by statute of limitations).

In addition, the Court finds that to the extent Plaintiff is claiming his constitutional rights were violated because he was convicted and sentenced without the use of the requested employment records, he is attacking the validity of his criminal conviction and sentence. Such claims are not properly pursued in a § 1983 case. *See Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997) (citing *Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994)) (prisoner's claim attacking his current confinement and requesting release from incarceration is not properly pursued in a § 1983 conditions of confinement case). Plaintiff is advised that habeas corpus[2] provides the exclusive federal remedy available to a state prisoner seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475 (1973).

Turning to Plaintiff's conclusory statement that he can prove a "conspiracy" and "criminal negligence on the part of all of the Defendants," the Court finds that Plaintiff has failed to set forth a plausible conspiracy. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221 (5th Cir.1989)(conclusory allegations lacking reference to material facts are

---

[2]The Court does not reach a determination of the viability of any possible habeas claims; nonetheless, the Clerk is directed to mail Plaintiff a packet of habeas corpus forms for state inmates challenging their imprisonment under 28 U.S.C. § 2254.

5

not sufficient to state a claim of conspiracy under section 1983).  As stated above, Plaintiff was not only provided with an opportunity to expand upon his claims but he was specifically directed to file a response providing support for his claims against each Defendant.  Although the Court must liberally construe a *pro se* litigant's pleadings, this does not allow the Court to consider unpled facts.  *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)); *see also Levitt v. Univ. of Tex. at El Paso*, 847 F.2d 221, 224 (5th Cir. 1988) (*pro se* litigant must set forth facts giving rise to a claim on which relief may be granted).

Lastly, to the extent Plaintiff is claiming that he is entitled to injunctive relief because he was denied a request for a subpoena by a state court, his claims do not rise to the level of a constitutional deprivation.  *See Baker v. McCollan*, 443 U.S. 137, 140 (1979)(holding relief is not warranted under § 1983 if there has been no deprivation of a federally protected civil right).  Plaintiff simply does not have a federal right to a state court subpoena.  Furthermore, as the Fifth Circuit has explained, "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts."  *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)(citations omitted).  In addition, to the extent Plaintiff's request can be construed as seeking mandamus relief, his request is denied.  *See In Re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997)(setting forth standard for mandamus relief and noting that mandamus is "reserved for extraordinary circumstances").

## CONCLUSION

In summary, Plaintiff's claims based on an alleged violation of his constitutional rights in November of 2004, are barred by the statute of limitations; Plaintiff's claims

regarding the validity of his criminal conviction and sentence rendered by Copiah County are habeas in nature and not properly pursued in a § 1983 case; Plaintiff's purported claim of a conspiracy is conclusory and not supported by any allegations; to the extent Plaintiff is claiming that he is entitled to injunctive relief because he was denied a request for a subpoena by a state court, his claims do not rise to the level of a constitutional deprivation; and finally, to the extent Plaintiff may be requesting mandamus relief in the form of an order directing the state court to issue a subpoena his request is denied. As such, this Complaint will be dismissed as legally frivolous, pursuant to 28 U.S.C. § 1915 (e)(2)(B)(i), with prejudice. To the extent Plaintiff is seeking habeas relief his claims are dismissed without prejudice.

Since this case is dismissed pursuant to the above-mentioned provision of the Prison Litigation Reform Act, it will be counted as a "strike." *See* 28 U.S.C. § 1915(g); *see also Bates v. Price*, No. 09-10298, 2010 WL 760421, *1 (5th Cir. Mar. 5, 2010) (prisoner case barred by statute of limitations, and dismissed as frivolous, counts as a "strike" under § 1915(g)). If Plaintiff receives "three strikes" he will be denied *in forma pauperis* status and be required to pay the full filing fee to file a civil action or appeal.

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS the 25th day of April, 2012.

                             s/ HENRY T. WINGATE
                             UNITED STATES DISTRICT JUDGE